■ In the Matter of the Claim of MARY J. DI MARCO, Appellant, v. NEW YORK STATE MOTOR VEHICLE BUREAU et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam*. Appeal by the claimant from a decision of the Workmen's Compensation Board reversing a decision and award of a Referee and dismissing her claim on the ground that claimant did not sustain an accidental injury arising out of and in the course of her employment. Claimant, a file clerk, alleges that on Friday, September 23, 1960 she aggravated a pre-existing low back condition when she bent over and pulled out the lowest drawer on a large file cabinet. She asserts that on straightening up she felt a pain radiating down her right leg. She continued to work the remaining two hours but on arriving home went to bed where she remained for the week end. She returned to work on Monday and continued working through the week although the pain became increasingly worse. Over the week end of the 30th she again remained in bed, but her symptoms became so severe that she could not return to work on October 1, 1960. The board has found that the evidence indicates that her disability was due solely to her pre-existing low back condition and not to her work activities. This was a factual determination and since it was based on substantial evidence may not be disturbed. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD HOLMES, Appellant.— MEMORANDUM BY THE COURT. Determination of appeal withheld and case remitted to the Fulton County Court, for further proceedings consistent with the decision of the Court of Appeals in *People* v. *Huntley* (15 N Y 2d 72). Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.

■ EDWARD J. PENNEFEATHER et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 40764.) — MEMORANDUM BY THE COURT. The State appeals from an award in an appropriation case on the sole ground that the trial court erroneously considered "comparable sales not basically comparable to the property appropriated because of differences in neighborhoods and character of the buildings without any adjustment of the dissimilarities". We find no basis for this contention. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.